MICHELE BECKWITH
Acting United States Attorney
ELLIOT WONG
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES, | CASE NO. 2:25-MJ-0097-AC |
|---|---|
| Plaintiff, | UNITED STATES' MOTION FOR DETENTION |
| v. | Date: June 24, 2025<br>Time: 2:00 p.m. |
| AMMAAD AKHTAR, | Judge: Hon. Allison Claire |
| Defendant. | |

1

The Court should schedule a detention hearing for defendant Ammaad Akhtar, and, at the hearing, detain him because there is no condition, or combination of conditions, that will reasonably assure his appearance as required and protect the safety of the community.

### A. Factual Background

Akhtar is charged in this case with attempting to provide material support to a foreign terrorist organization. Akhtar attempted to support the Islamic State of Iraq and Al-Sham (ISIS) by sending funds to a bitcoin wallet he believed was controlled by ISIS and by providing loaded guns and other equipment to an individual he believed was an ISIS associate for delivery to the foreign terrorist organization.

Beginning in February 2025 through the present, Akhtar has been communicating with an FBI Controlled Persona (UC1) on three different social medial platforms. In these conversations, UC1 posed as a member of ISIS in Iraq. During their initial conversation, which was on or about February 25, 2025, Akhtar steered the conversation to the topic of ISIS, jihad, fighting infidels, and a deceased former leader of ISIS. Since this initial conversation, Akhtar and UC1 have communicated often, sometimes daily or nearly so. Below is a summary (further detailed in the criminal complaint) of what Akhtar discussed in his various conversations with UC1, grouped by topic:

- Akhtar's voiced support for ISIS
- Akhtar's expressed desire to travel overseas to join and fight with ISIS
- Akhtar's statements related to violence
- Akhtar's ownership of multiple registered firearms
- Akhtar's stated plans to conduct an attack against a specific individual, who is yet to be identified by the FBI
- Akhtar's stated plan to conduct an attack utilizing homemade explosives
- Akhtar's stated desire to send money and guns to ISIS
- Following through on Akhtar's stated desire to send money to ISIS by sending multiple payments to a bitcoin wallet he believed is controlled by ISIS

In addition, since at least February 2025, Akhtar expressed the same radical ideology, violent ideations, and desire to send money to ISIS with at least two other individuals.

Then, on June 23, 2025, Akhtar conducted a face-to-face meeting with an FBI Undercover Employee (UC2) whom Akhtar believed is affiliated with ISIS. During the meeting, Akhtar provided clothing, binoculars, $400 cash, two loaded firearms, and six additional magazines. He later swore bayat (a pledge of loyalty) to ISIS.

The FBI arrested Akhtar the following day. Following Akhtar's arrest, the FBI searched his residence and found an additional firearm.

### B. A detention hearing is authorized because Akhtar is charged with an enumerated offense under § 3142(f)(1)(A).

The Bail Reform Act of 1984 ("BRA") governs the release or detention of pretrial defendants. On motion by either the United States or the Court, the defendant may be detained pretrial in cases involving certain enumerated offenses and offense-specific factors set forth in 18 U.S.C. § 3142(f)(1) and/or the factors set forth in 18 U.S.C. § 3142(f)(2). *See United States v. Wang*, no. 2:22-PO-0032-JAG-1, 2022 WL 2182604, at *2 (E.D. Wash. June 16, 2022). The government may satisfy this burden by presenting these facts by proffer. *See* 18 U.S.C. § 3142(f) ("The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the hearing."); *United States v. Winsor*, 785 F.2d 755, 756 (9th Cir. 1986) ("As in a preliminary hearing for probable cause, the government may proceed in a detention hearing by proffer or hearsay.").

Akhtar is charged with violations of 18 U.S.C. § 2339B(a)(1) – providing material support to a designated foreign terrorist organization. This is an enumerated offense under § 3142(f)(1)(A), as § 2339B is an "offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed." 18 U.S.C. § 3142(f)(1)(A); *see also United States v. Ferdaus*, no. 11-10331-RGS, 2011 WL 5909547, at *1 (D. Mass. Nov. 28, 2011); *United States v. Vergara*, 612 F. Supp. 2d 36, 37 (D.D.C. 2009). Accordingly, the Court "shall hold a detention hearing" to determine to determine whether any condition or combination of conditions will reasonably assure Akhtar's appearance and the safety of the community.

3

### C. Akhtar should be detained because there is no condition or combination of conditions that can reasonably assure the safety of the community and his appearance.

Section 3142(f) contemplates that when the Government moves for detention, a detention hearing "shall be held immediately upon the person's first appearance" unless one of the parties seeks a continuance. The government is prepared to proceed with the detention hearing at the first appearance.

Akhtar is charged with an offense that carries a statutory presumption of detention, for which "it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3)(C). This presumption is "subject to rebuttal by the person." *Id.*

In making the determination whether a "condition or combination of conditions will reasonably assure the appearance of [the defendant] as required and the safety of any other person or the community," the Court must look to the factors set forth in 18 U.S.C. § 3142(g). These include (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. § 3142(g)(1)-(4). These factors definitively weigh in favor of Akhtar's detention, as both a flight risk and a danger.

Akhtar poses a danger to the community if released. He is charged with a serious terrorism-related offense in connection with his attempts to provide money, loaded guns, and other equipment to ISIS. This was not a brief ideation. Instead, Akhtar has repeatedly demonstrated his commitment to ISIS throughout the months' long FBI investigation, which culminated in providing loaded guns to an FBI undercover persona whom Akhtar believed was an ISIS affiliate. He then swore allegiance to ISIS.

What's more, Akhtar repeated expressions of support for ISIS's violent agenda contain statements about his own desires for future acts. He stated he "want[s] to die in the cause of Allah fighting the kuffar [infidels]" and discussed plans to conduct a domestic attack. He spoke about wanting to kill an individual he's seen at a Jewish temple and expressed animosity towards "every evil dirty jew and their slaves the cross worshippers will have their heads plucked like a chicken." He also asked for

4

instructions on how to make a homemade explosive device in order "to make a boom" at a populated event. He owns three registered firearms and repeatedly volunteered to procure guns for ISIS.

In addition, Akhtar poses an unreasonable risk of flight. Despite his significant ties to the community, he has expressed a desire to travel overseas to join and fight with ISIS. He also has an incentive to flee, given the significant charge he faces.

**D. Conclusion**

The Court should hold a detention hearing in this case, as Akhtar is charged with an enumerated offense under § 3142(f)(1)(A). Then, at the hearing, Akhtar should be detained as he poses an unreasonable danger to the community and a risk of flight. There is no condition, or combination of conditions, that will reasonably assure his appearance and the safety of the community.

Respectfully submitted,

Dated: June 24, 2025                    MICHELE BECKWITH
                                        Acting United States Attorney

                                    By: /s/ ELLIOT C. WONG
                                        ELLIOT C. WONG
                                        Assistant United States Attorney